**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMI FOSCHINI,<br><br>    *Plaintiff,*<br><br>v.<br><br>STANLEY BLACK & DECKER, INC., BLACK & DECKER U.S., BLACK & DECKER, BLACK & DECKER (U.S.) INC., CRAFTSMAN, CRAFTSMAN TOOLS, SEARS HOLDINGS CORPORATION, SEARS, ROEBUCK AND CO., SUNRISE GLOBAL MARKETING, LLC, "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 2-10," and/or "DEF SELLER 1-10" (being fictitious designations),<br><br>    *Defendants.* | Civil Action No. 20-16690<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

    Currently pending before the Court in this products liability action is a motion of Defendants Stanley Black & Decker, Inc. ("SBD") and Black & Decker (U.S.), Inc. (collectively "the Moving Defendants") to dismiss Plaintiff Jami Foschini's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 6. The Court has considered the submissions in support of and opposed to the motion,[1] and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1(b). For the reasons that follow, the motion is **denied**. The fundamental problem with the motion is that the Moving Defendants ask the Court

---

[1] The Moving Defendants' brief in support of the motion, D.E. 6-1, will be referred to as "D. Br." Plaintiff's brief in opposition, D.E. 13, will be referred to as "Opp'n." The Moving Defendants' reply, D.E. 24, will be referred to as "D. Reply."

to consider information not appropriate at the motion to dismiss stage and to make related findings as a matter of law.

I.   BACKGROUND[2]

Plaintiff Jami Foschini resides in New Jersey. D.E. 19 ("Am. Compl.") at 1. The Moving Defendants are out-of-state corporations. *Id.* at 1 ¶ 1.[3] Plaintiff, upon information and belief, alleges that Defendants Craftsman and Craftsman Tools are the wholly owned subsidiaries the Moving Defendants and others. *Id.* at 2 ¶ 2. Plaintiff continues that Defendants were responsible for a Craftsman-brand electric leaf-blower with model numbers 138.74898 and/or 138.74899 (the "Product"). *Id.* at 5-6 ¶ 1. In 2016 or 2017, Plaintiff bought the Product from a Sears store in Paramus, New Jersey. *Id.* at 6 ¶ 2. On or about May 21, 2018, Plaintiff suffered permanent and severe injuries while using the Product. *Id.* at 6 ¶ 3.

Plaintiff sued all Defendants, except Sunrise Global Marketing, LLC ("Sunrise"), in New Jersey state court in May 2020. *See* D.E. 1 at 21. Defendants removed the case to this Court on November 20, 2020. *Id.* at 1-6. Plaintiff later filed the Amended Complaint, adding Sunrise, and asserting two claims: (1) a violation the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1, *et seq.*, and (2) for recovery of medical costs under Defendants' insurance policy or policies. Am. Compl.at 5-10 ¶¶ 1-11; 10 ¶¶ 1-3.

The Moving Defendants filed the instant motion. D.E. 6. After Plaintiff filed her Amended Complaint, the Moving Defendants renewed their motion to dismiss. D.E. 6, 22, 23.

---

[2] These facts are drawn from Plaintiff's Amended Complaint. D.E. 19. The Court accepts all well-pleaded allegations as true for purposes of this motion. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

[3] Plaintiff's Amended Complaint uses numbered paragraphs, but the series restarts at the beginning of each of her two claims. As a result, the Court refers to the page number of the pleading along with the paragraph from that page.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]"  To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler*, 578 F.3d at 210-211.  A court "must accept all of the complaint's well-pleaded facts as true." *Id.* at 210.  A court, however, does not credit labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).

When deciding a motion to dismiss, a court ordinarily considers only the complaint's well-pled factual allegations, exhibits attached to the complaint, and matters of public record.  A court may also rely on "a document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis in original) (citation omitted); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").  A document is integral if a "claim would not exist but-for the existence of the document." *Dix v. Total*

3

*Petrochemicals USA, Inc.*, No. 10-3196, 2011 WL 2474215, at *1 (D.N.J. June 20, 2011). "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here the plaintiff has actual notice ... and has relied upon these documents in framing the complaint.'" *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 4 (1st Cir. 1993)) (alterations in originals). A court may also consider "matters of public record." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.

Pursuant to Federal Rule of Civil Procedure 12(d), if a court considers additional material, then the court must, upon proper notice, convert a motion to dismiss to one for summary judgment. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287-88 (3d Cir. 1999); *see also* Fed. R. Civ. P. 12(d). "A court has discretion to convert a Rule 12(b)(6) motion into a motion for summary judgment by considering materials extrinsic to the pleadings." *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000) (footnote omitted). "A court should not convert a motion, however, when little or no discovery has occurred." *Id.*

### III.   ANALYSIS

#### A. SBD

The Moving Defendants argue that SBD should be dismissed because it entered into a purchase and sale agreement with Sears in which SBD excluded any successor liability for Craftsman products made before March 2017. D. Br. at 8. In support, the Moving Defendants rely on (1) the certification of Theodore C. Morris (SBD's Assistant General Counsel and Assistant Secretary) ("the Morris Certification"), which quotes the "Purchase and Sales Agreement"

4

between Sears Holdings Corporation and SBD, D.E. 6-2; (2) photographs of the Product produced by Plaintiff's counsel; (3) Recall Notice #16-056 issued by the United States Consumer Product Safety Commission; and (4) the certification of Moving Defendants' counsel tying the foregoing together, D.E. 6-3.  D. Br. at 3-4, 8-9.

Plaintiff counters that the Moving Defendants' argument relies on materials that the Court cannot review on a motion to dismiss pursuant to Rule 12(b)(6).  Opp'n at 6.  Accordingly, Plaintiff states that the Court has two options: either disregard the Moving Defendants' impermissible submissions and deny the motion or convert the motion to dismiss to one for summary judgment pursuant to Rule 12(d).  *Id.* at 6-7.

The Court agrees with Plaintiff that the Court cannot consider SBD's purchase and sale agreement with Sears at this stage.  It is neither expressly referred to in the Amended Complaint nor integral to the pleading.[4]  And the Court will not convert the motion to one for summary judgment.  The parties have engaged in little to no discovery.  Accordingly, it would be inappropriate to convert this motion to one for summary judgment.  *Kurdyla*, 197 F.R.D. at 131.

The Moving Defendants alternatively argue that Plaintiff's Amended Complaint raises only conclusory allegations as to SBD's designing, manufacturing, distribution, or purchase of the Product, and that those allegations are not enough to state a claim under *Twombly* and *Iqbal*.  D. Br. at 9; D. Reply at 3.  The Court agrees.  While the Amended Complaint is not plausibly pled, the Moving Defendants did not properly raise this argument, so the Court will not consider it at this time.  The Moving Defendants did not adequately assert this argument, the overall plausibility

---

[4] Although not germane to the Court's decision, the Court notes that there are other shortcomings with SBD's submission.  For example, the Moving Defendants have not provided the Court—or Plaintiff, *see* D. Reply at 3—with the original contract.  Rather, the Moving Defendants only quote portions of what they claim to be contractual language in the Morris Certification.  *See* D.E. 6-2 ¶¶ 8, 10, 15.

5

of the allegations, in their opening brief. Instead, in conjunction with their argument that they have no liability due to the purchase and sale contract with Sears, SBD mentions "conclusory" in a single clause. D. Br. at 9. This passing reference, without analysis, is insufficient to put Plaintiff on adequate notice of the argument.

For the foregoing reasons, the Moving Defendants' motion is denied as to SBD.

### B. Black & Decker (U.S.), Inc.

Next, the Moving Defendants again rely on the Morris Certification to argue that Black & Decker (U.S.), Inc., SBD's indirect subsidiary, was not involved in the transaction between Sears and SBD in which SBD acquired certain portions of the Craftsman line of products. *Id*. However, the Moving Defendants once again fail to adequately attack the plausibility of the allegations. Instead, the Moving Defendants once more rely on documents not properly considered in a motion to dismiss. As a result, the Court also denies the motion on this ground.

### C. Other Entities

Finally, the Moving Defendants argue that Craftsman, Craftsman Tools, Black & Decker U.S., and Black & Decker are not legal entities that can sue or be sued, and that the Court should dismiss them from the case and strike their names from the caption. D. Br. at 10. Again, the Moving Defendants rely solely on the Morris Certification. *Id.* Accordingly, the Court denies the Moving Defendants' motion on this point.

### IV.    CONCLUSION

For the foregoing reasons, and for good cause shown,

It is on this 26th day of January 2022 hereby

**ORDERED** that the motion, D.E. 6, of Defendants Stanley Black & Decker, Inc. ("SBD") and Black & Decker (U.S.), Inc. (collectively "the Moving Defendants") to dismiss Plaintiff's Amended Complaint is **DENIED**.

                                                                                                                                  _____
                                                                                                                                  John Michael Vazquez, U.S.D.J.